UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Adrian Burdier, *on behalf of himself and all others similarly situated*, <br><br> Plaintiff, <br> v. <br><br> National Grid USA Service Company, Inc., <br><br> Defendant. | Civil Action No.: _____ <br><br><br> **CLASS ACTION COMPLAINT** |

For his Class Action Complaint, Plaintiff Adrian Burdier, by and through undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

## INTRODUCTION

1. Plaintiff, Adrian Burdier ("Plaintiff"), brings this class action for damages resulting from the illegal actions of National Grid USA Service Company, Inc. ("National Grid" or "Defendant"). Defendant knowingly and/or willfully placed automated calls to Plaintiff's cellular phone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et seq. (the "TCPA").

2. National Grid is "one of the largest investor-owned energy companies in the world - covering Massachusetts, New York, Rhode Island and the UK." https://www.nationalgridus.com/Our-Company/ (last visited Apr. 25, 2017).

3. National Grid calls old or bad numbers for its customers, resulting in unwanted autodialed calls being placed to unsuspecting consumers.

4. National Grid fails to heed these consumers' requests that it cease placing calls to

1

their cellular telephones. National Grid's continued calls cause consumers great inconvenience and invasion of privacy, in violation of the TCPA.

5. Plaintiff is one such consumer. He received automated calls featuring prerecorded voice messages from National Grid on his cell phone. Plaintiff advised National Grid that it was calling the wrong number and requested that National Grid cease calling. National Grid ignored Plaintiff's instruction and continued autodialing his cell phone. He brings this lawsuit on behalf of himself and like-situated consumers for National Grid's straightforward violations of the TCPA.

## PARTIES, JURISDICTION AND VENUE

6. Plaintiff is and at all times mentioned herein was an individual person residing in New York, New York.

7. National Grid is a Massachusetts corporation headquartered at 40 Sylvan Road, Waltham, MA 02451.

8. This Court has subject matter jurisdiction under 28 U.S.C. §1331.

9. Personal jurisdiction and venue in this district are proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff received the subject calls in this District, thus a substantial part of the events giving rise to the claim occurred here.

## FACTS RELATED TO PLAINTIFF

10. In the last four years, National Grid began placing automated telephone calls to Plaintiff on his cellular telephone at telephone number 929-XXX-9786.

11. National Grid called Plaintiff from telephone numbers 718-403-6900 and 718-403-116.

12. Upon placing a call to telephone number 888-248-3182, the caller is greeted by a

prerecorded voice which states: "You have reached a non-working number at the National Grid offices at Metrotech . . . ."

13. At all times mentioned herein, Defendant called Plaintiff's cellular telephone using an "automatic telephone dialing system" ("autodialer") as defined by 47 U.S.C. § 227(a)(1).

14. Upon answering a call from National Grid, Plaintiff heard a prerecorded voice message indicating that the call was from National Grid. There was no human representative to speak to on the incoming calls.

15. Plaintiff returned one of National Grid's calls, spoke to a live National Grid representative, advised that National Grid was calling his phone number in error, and instructed National Grid to cease calling.

16. The live National Grid representative acknowledged Plaintiff's request.

17. However, National Grid continued to place automated calls to Plaintiff's cell phone.

18. Plaintiff is not a customer of National Grid.

19. Plaintiff did not give his cell phone number to National Grid or provide prior express consent to National Grid to autodial it.

20. Moreover, Plaintiff expressly requested that National Grid cease calling his cell phone, which National Grid acknowledged but then ignored. Accordingly, the automated calls placed by Defendant to Plaintiff were in willful and knowing violation of 47 U.S.C. § 227(b)(1)(A).

21. Plaintiff was annoyed, frustrated, and inconvenienced by National Grid's calls.

22. The telephone number called by Defendant was and is assigned to a cellular

telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

23. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

## CLASS ALLEGATIONS

24. Plaintiff brings this claim pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3) on behalf the following class:

> **(1) All persons in the United States (2) to whose cellular telephone number (3) National Grid placed a non-emergency telephone call (4) using an autodialer or a prerecorded voice (5) within four years of the complaint (6) after said person had advised National Grid or their vendor that the call was to a wrong number.**

25. Plaintiff represents and is a member of the Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

26. Plaintiff does not know the exact number of members in the Class, but based upon the size and national scope of National Grid and the automated nature of the calls, Plaintiff reasonably believes that the Class numbers in the thousands.

27. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant.

28. There are questions of law and fact common to the members of the Class which predominate over any questions that affect only individual Class members. Those common


questions of law and fact include, but are not limited to, the following:

    i.    Whether National Grid engaged in a pattern of using an autodialer to place calls to cellular phones;

    ii.    Whether National Grid had prior express consent to place the calls;

    iii.    Whether National Grid ignored consumers' 'wrong number' instructions; and

    iv.    Whether National Grid willfully violated the TCPA.

29. As a person who received automated telephone calls from National Grid on his cellular phone without having given prior express consent, and who advised National Grid to cease calling, Plaintiff asserts claims that are typical of the members of the Class. Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the Class.

30. Plaintiff has retained counsel experienced in handling class action claims, including class claims involving violations of federal and state consumer protection statutes such as the TCPA.

31. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of individual Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages for violation of the TCPA are small in comparison to the costs and expenses of litigation of such claims. Management of these claims is likely to present few difficulties because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones as National Grid did not attempt to obtain

consent required by the TCPA prior to placing the calls.

32. Defendant has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## COUNT I – VIOLATIONS OF THE TCPA

33. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

34. Plaintiff brings this claim on behalf of himself and the Class.

35. National Grid made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

36. National Grid has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or artificial or prerecorded voice."

37. Each of the aforementioned calls by National Grid constitutes a violation of the TCPA.

38. Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each call made in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

40. Plaintiff and Class members are also entitled to and do seek a declaration that:

- Defendant violated the TCPA;

- Defendant used an autodialer to call cellular telephones; and
- Defendant placed calls to the Plaintiff and the Class without prior express consent.

## **COUNT II – WILLFUL VIOLATIONS OF THE TCPA**

41. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

42. Plaintiff brings this claim on behalf of himself and the Class.

43. National Grid made automated telephone calls to the wireless telephone number of Plaintiff and the other Class members. These phone calls were made without the prior express consent of Plaintiff or the other Class members and were not made for emergency purposes.

44. National Grid has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice."

45. Each of the aforementioned calls by National Grid constitutes a willful violation of the TCPA.

46. Plaintiff and Class members are entitled to an award of up to $1,500.00 in statutory damages for each call made in willful violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3).

47. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.

48. Plaintiff and TCPA Class members are also entitled to and do seek a declaration that:

- Defendant knowingly and/or willfully violated the TCPA;

- Defendant knowingly and/or willfully used an autodialer on calls to Plaintiff and the Class;

- Defendant willfully disregarded non-customer consumers' requests to cease calling;

- It is Defendant's practice and history to place automated telephone calls to consumers without their prior express consent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

    A.    Statutory damages pursuant to 47 U.S.C. § 227(b)(3);

    B.    Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

    C.    Declaratory relief as prayed for herein;

    E.    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on issues so triable.

Dated: May 2, 2017                     Respectfully submitted,

                                                By:    */s/ Sergei Lemberg*
                                                           Sergei Lemberg
                                                           LEMBERG LAW, LLC
                                                           43 Danbury Road
                                                           Wilton, CT 06897
                                                           Telephone: (203) 653-2250
                                                          Facsimile:   (203) 653-3424
                                                          *Attorneys for Plaintiff*